1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  EDWARD SCOTT HELMER,

12              Plaintiff,                    No. CIV S-12-0733 KJM-GGH

13       vs.

14  BANK OF AMERICA, N.A. and DOES 1
    through 100, inclusive

15              Defendants.                   ORDER

16  _____/

17

18              Plaintiff Edward Scott Helmer filed a complaint against defendant Bank of

19  America in the Superior Court of California, County of Sutter on February 17, 2012, after

20  plaintiff's home was sold in a foreclosure sale.  (ECF 1.)  Defendant removed the case to this

21  court on March 22, 2012.  (*Id.*)  Defendant filed a motion to dismiss on April 2, 2012, which the

22  court denied as moot on May 9, after receiving plaintiff's First Amended Complaint (FAC) on

23  April 26, 2012.  (ECF 8, 13, 14.)  Defendant filed a second motion to dismiss on June 20, 2012,

24  and plaintiff filed an opposition on July 13, 2012.  (ECF 17, 24.)  For the reasons explained

25  below, the court grants in part and denies in part defendant's motion to dismiss.

26  /////

I.       BACKGROUND

In or around 2005, plaintiff entered into a mortgage agreement with Countrywide Lending to purchase a house at 135 Montana Court in Yuba City, California.  (ECF 13 ¶¶ 1, 8.)  Defendant subsequently acquired the mortgage by merger.  (*Id.* ¶ 8.)  In January 2011, plaintiff contacted defendant to inquire about a loan modification and was told that he needed to cease making mortgage payments in order to qualify.  (*Id.* ¶ 9.)  Plaintiff was told that his house would not be foreclosed on during the loan modification process.  (*Id.*)

Over the next six months, plaintiff repeatedly contacted defendant to obtain loan modification paperwork, which he ultimately received in July 2011.  (*Id.* ¶¶ 10-11.)  Also in July 2011, defendant sent a letter to plaintiff informing him that he qualified for a refinance of his mortgage.  (*Id.* ¶ 12.)  Plaintiff applied both for loan modification and refinancing.  (*Id.*)  After submitting the applications, plaintiff was unable to obtain updates through phone calls to defendant, was repeatedly placed on hold for extensive periods, given vague answers to his questions, or transferred between multiple lines.  (*Id.* ¶ 13.)  Plaintiff had to resubmit the applications several times after being told that defendant had lost the original copies.  (*Id.*)  As of October 2011, plaintiff was $30,000 behind on his mortgage payments.  (*Id.* ¶ 14.)  Plaintiff alleges that he could have made these payments, but did not, because he was told that defendant would not foreclose on plaintiff's house while he was under consideration for loan modification and refinance.  (*Id.*)  Plaintiff does not specify whether defendant continued to advise him not to make payments at this time.

In November 2011, defendant began foreclosure proceedings on plaintiff's home.  (*Id.* ¶ 15.)  Plaintiff contacted defendant and was told by a representative that his applications were still under consideration and that he should not worry about the foreclosure or any trustee sale.  (*Id.*)  In early December 2011, plaintiff was given notice of the trustee sale, which defendant told him to disregard.  (*Id.* ¶ 16.)

/////

1    Defendant requests that the court take judicial notice of several documents

2  recorded with the Sutter County Recorder.  (ECF 18.)  In resolving a motion to dismiss, the court

3  may consider matters that are subject to judicial notice, which includes matters of public record.

4  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668,

5  689 (9th Cir. 2001).  Because the Sutter County documents are matters of public record, the

6  court takes judicial notice of these documents.  *See Grant v. Aurora Loan Servs., Inc.*, 736 F.

7  Supp. 2d 1257, 1264 (C.D. Cal. 2010) (taking judicial notice of records of county recorder).  One

8  document shows that on December 19, 2011, defendant conveyed all its beneficial interest in

9  plaintiff's mortgage to Federal National Mortgage Association ("Fannie Mae").  (Ex. 11, ECF

10  20.)  A second document shows that Fannie Mae purchased the house at foreclosure sale on

11  December 29, 2011.  (Ex. 12, ECF 20.)

12    Plaintiff's First Amended Complaint makes the following claims against

13  defendant:  (1) breach of good faith and fair dealing; (2) promissory estoppel; (3) wrongful

14  foreclosure in violation of California Civil Code § 2924, *et seq*.; (4) intentional infliction of

15  emotional distress; (5) unfair competition in violation of California Business and Professions

16  Code § 17200, *et seq*.; and (6) quiet title.

17  III.    STANDARD

18    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

19  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

20  dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

21  under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

22  1990).

23    Although a complaint need contain only "a short and plain statement of the claim

24  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion

25  to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

26  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include

2  something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

3  "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.*

4  (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to

5  dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to

6  draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses

7  on the interplay between the factual allegations of the complaint and the dispositive issues of law

8  in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

9          In making this context-specific evaluation, this court must construe the complaint

10 in the light most favorable to the plaintiff and  accept as true the factual allegations of the

11 complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

12 conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

13 (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

14 to judicial notice" or to material attached to or incorporated by reference into the complaint.

15 *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's

16 consideration of documents attached to a complaint or incorporated by reference or matter of

17 judicial notice will not convert a motion to dismiss into a motion for summary judgment.

18 *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*,

19 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d

20 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to

21 dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

22          The Ninth Circuit has instructed that "'a district court should grant leave to

23 amend even if no request to amend the pleading was made, unless it determines that the pleading

24 could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

25 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

26 */////*

1  *see also Gardner v. Marino*, 563 F.3d 981 (9th Cir. 2009) (finding no abuse of discretion in

2  denying leave to amend when amendment would be futile).

3  IV.     ANALYSIS

4          A.     Quiet Title

5                 The caption of plaintiff's complaint lists quiet title as a cause of action, but

6  plaintiff does not include quiet title as a claim in the complaint itself.  (ECF 13.)  In his

7  opposition, plaintiff does not argue that this claim should not be dismissed.  (*See* ECF 24.)

8  Accordingly, the court grants defendant's motion to dismiss this claim, without leave to amend.

9          B.     Wrongful Foreclosure

10                1.     Collateral Estoppel

11                Defendant argues that plaintiff is collaterally estopped from making a claim for

12 wrongful foreclosure in light of an April 6, 2012 state court judgment in an unlawful detainer

13 action that Fannie Mae brought against plaintiff.  (Def.'s Mot. to Dismiss, ECF 17-1 at 12.)

14 Under the doctrine of collateral estoppel, issues that have already been resolved in one

15 proceeding may not be litigated again in a second case.  *Myogen Corp v. Monsanto Co.*, 28 Cal.

16 4th 888, 896-97 (2002).  Certain of the Sutter County filings of which the court takes judicial

17 notice show that plaintiff stipulated to judgment in an unlawful detainer action, granting Fannie

18 Mae the right to immediate possession of the house.  (ECF 23.)

19                The scope of rights adjudicated in an unlawful detainer action are typically

20 limited to those affecting the right of immediate possession.  *Vella v. Hudgins*, 20 Cal. 3d 251,

21 255 (Cal. 1977).  As a result, "a judgment in unlawful detainer usually has very limited res

22 judicata effect and will not prevent one who is dispossessed from bringing a subsequent action to

23 resolve questions of title." *Id.*  In *Malkoskie v. Option One Mortgage Corp.*, a state appellate

24 court recognized a limited exception to the rule from *Vella*.  188 Cal. App. 4th 968, 974 (Cal. Ct.

25 App. 2010).  The plaintiffs in that case alleged that the foreclosure sale of their property was

26 invalid, after they had previously stipulated to an unlawful detainer judgment, declaring that the

1   foreclosure sale was conducted properly and had transferred legal title to the beneficiary. *Id.* at

2   974-75. Because the unlawful detainer action necessarily resolved the beneficiary's right to

3   ongoing possession of the property, that earlier judgment precluded plaintiffs from bringing a

4   second action alleging that no valid title had passed to the beneficiary. *Id.* Defendant argues

5   that as in *Malkoskie*, the judgment in the unlawful detainer action here prevents plaintiff from

6   challenging the foreclosure sale of the house to Fannie Mae. (ECF 17-1 at 12.)

7   　　　　The *Malkoskie* exception does not apply, however, if the plaintiff's allegations

8   are based on the behavior of the defendant before the foreclosure sale. In *Johannson v.*

9   *Wachovia Mortgage, FSB*, the court rejected the defendant bank's argument that a previous

10  unlawful detainer action had preclusive effect, in part because plaintiffs' subsequent fraud claims

11  did not challenge the validity of the foreclosure sale itself; plaintiffs alleged that the bank's

12  actions leading up to the foreclosure were fraudulent. 2011 WL 3443952, No. C 11-02822

13  WHA, at *10-11 (N.D. Cal. Aug. 5, 2011); *see also Albizo v. Wachovia Mortgage*, 2012 WL

14  1413996, No. 2:11-cv-02991 KJN, at *4 (E.D. Cal. Apr. 20, 2012). Here, plaintiff alleges that

15  defendant induced him to miss mortgage payments and foreclosed on his house after assuring

16  plaintiff there would be no foreclosure. Because plaintiff's allegations do not challenge the

17  validity of the foreclosure sale, plaintiff's claims are not estopped by the unlawful detainer

18  action.

19  　　　　2.　　Tender Requirement

20  　　　　Defendant argues that plaintiff cannot sustain any cause of action to set aside the

21  foreclosure sale, including wrongful foreclosure, because plaintiff has not alleged he has

22  tendered the amount due under the mortgage. (ECF 17-1 at 14.) Plaintiff responds that he

23  "would have and could have tendered his arrears" if defendant had not refused his offers to

24  tender and promised there would be no foreclosure. (Pl.'s Opp'n to Mot. to Dismiss, ECF 24 at

25  10.) Defendant is correct that plaintiff cannot attack the validity of the foreclosure sale without

26  stating in his complaint that he actually tendered the full amount. Mere allegations of offers to

1    tender are insufficient; "[a] full tender must be made to set aside a foreclosure sale, based on

2    equitable principles." *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (Cal.

3    Ct. App. 2011).  Courts routinely reject plaintiffs' arguments that they have met the tender

4    requirement by alleging that they could have paid the amount they owed under their mortgage at

5    any time. *See, e.g., Carson v. Bank of Am.*, No. 2:12-CV-01487-MCE, 2012 WL 5041359, at *5

6    (E.D. Cal. Oct. 17, 2012).  Here, plaintiff has alleged only that he offered to pay the amount

7    outstanding on his mortgage, not that he is currently willing and able to pay or that he has

8    already paid.

9            Plaintiff must satisfy the tender requirement before he may proceed on a claim for

10   wrongful foreclosure. *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct.

11   App. 1996).  As plaintiff has not fulfilled the tender requirement, his wrongful foreclosure claim

12   is dismissed with leave to amend, if plaintiff is able to amend while complying with Federal Rule

13   of Civil Procedure 11.

14           C.      Promissory Estoppel

15           "The elements of promissory estoppel are: (1) a clear promise, (2) reliance,

16   (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and

17   not performed." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1171 (E.D. Cal. 2010)

18   (citing *Poway Royal Mobilehome Owners Ass'n v. City of Poway,* 149 Cal. App. 4th 1460, 1471

19   (Cal. Ct. App. 2007).  Here, plaintiff's cause of action for promissory estoppel alleges that

20   defendant promised it would not foreclose on the house during the loan modification and

21   refinancing process, that plaintiff reasonably relied on this promise, inducing plaintiff to not

22   make his mortgage payments, and that plaintiff suffered detriment when his house was sold at

23   foreclosure sale.  (ECF 13 ¶¶ 29-36.)

24           Defendant argues that plaintiff's allegations regarding who stated a promise and

25   what was promised are too vague to state a claim for promissory estoppel and also that plaintiff

26   himself made the decision to miss payments.  (ECF 17-1 at 16-17.)  Plaintiff's allegations,

1    however, are specific enough to state a claim for promissory estoppel.  This court is not alone in

2    recognizing a claim for promissory estoppel under the circumstances pled here.  *See Sutherland*

3    *v. Barclays American/Mortgage Corp.*, 53 Cal. App. 4th 299, 312 (Cal. Ct. App. 1997)

4    (mortgagor relied to her detriment on mortgagee's statement that she could postpone three

5    payments without incurring foreclosure).

6             Defendant also notes that plaintiff's original complaint alleged that defendant

7    informed plaintiff in November 2011 that the loan modification application was denied and

8    foreclosure proceedings were being initiated, but that this allegation is not included in plaintiff's

9    First Amended Complaint.  (ECF 17-1 at 16.)  In light of plaintiff's allegation that he was told to

10    disregard a December 2011 notice of trustee sale, the court cannot conclude at this stage of the

11    litigation if any information plaintiff received in November destroys his claim for promissory

12    estoppel.

13             The court denies defendant's motion to dismiss plaintiff's claim for promissory

14    estoppel.  This claim may be included in an amended complaint.

15         D.     Breach of the Covenant of Good Faith and Fair Dealing

16             Plaintiff's FAC alleges that defendant breached the covenant of good faith and fair

17    dealing by instructing plaintiff not to continue making mortgage payments while plaintiff was

18    awaiting the result of his loan modification and refinance applications, and by foreclosing on

19    plaintiff's house while assuring him that foreclosure would not occur.  (ECF 13 ¶¶ 20-26.)

20             "Every contract imposes upon each party a duty of good faith and fair dealing in

21    its performance and its enforcement."  *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal.,*

22    *Inc.*, 2 Cal. 4th 342, 371 (Cal. Ct. App. 1992) (citing Restatement (Second) of Contracts § 205

23    (1981)).  The goals and written terms of a contract determine the conduct that would be

24    considered a breach of the duty of good faith and fair dealing.  *Id.* at 373.  "In essence, the

25    covenant is implied as a *supplement* to the express contractual covenants, to prevent a

26    contracting party from engaging in conduct which (while not technically transgressing the

1   express covenants) frustrates the other party's rights to the benefits of the contract." *Lingad v.*

2   *Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1154 (E.D. Cal. 2010) (citing *McClain v. Octagon*

3   *Plaza, LLC*, 159 Cal. App. 4th 784, 799 (Cal. Ct. App. 2008)) (emphasis in original).  In

4   addition, there must be a "special relationship" with "fiduciary characteristics" between the

5   contracting parties.  *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944,

6   955 (9th Cir. 2002).

7           Defendant asserts that plaintiff fails to state a claim for breach of the covenant of

8   good faith and fair dealing because plaintiff has not identified a particular provision of any

9   agreement between the parties that defendant breached.  (ECF 17-1 at 9.)  Defendant argues

10  further that the facts plaintiff alleges do not support a claim for breach of the implied covenant of

11  good faith and fair dealing, because the foreclosure on plaintiff's property was consistent with

12  provisions of the agreements allowing defendant to foreclose if plaintiff did not make payments.

13  (*Id.*)  But "breach of a specific provision of the contract is not a necessary prerequisite" for a

14  breach of the covenant of good faith and fair dealing.  *Carma Developers*, 2 Cal. 4th at 373.

15  Defendant's argument therefore is not a sufficient reason to dismiss this claim.

16          Plaintiff nonetheless fails to state a claim for breach of the covenant of good faith

17  and fair dealing because he has not alleged that he has a special relationship with fiduciary

18  characteristics with defendant.  Because California courts do not recognize such a relationship in

19  the context of commercial transactions, including mortgage loans, *Carson*, 2012 WL 5041359 at

20  *6, plaintiff would not be able to amend his complaint to state a claim for breach of the covenant

21  of good faith and fair dealing.  The court dismisses this claim without leave to amend.

22          E.      Intentional Infliction of Emotional Distress

23          Plaintiff's FAC states that defendant's "engineering of the foreclosure" of the

24  property showed "reckless disregard for the probability of causing [p]laintiff emotional distress"

25  and led to plaintiff's emotional distress.  (ECF 13 ¶ 44.)  "A cause of action for intentional

26  infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the

1  defendant with the intention of causing, or reckless disregard of the probability of causing,

2  emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and

3  (3) actual and proximate causation of the emotional distress by the defendant's outrageous

4  conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (citations and quotations omitted).

5  The conduct must be "extreme as to exceed all bounds of that usually tolerated in a civilized

6  community." *Id.* at 1051 (citations and quotations omitted).

7           Defendant argues that plaintiff's claim for intentional infliction of emotional

8  distress is insufficient because defendant's rightful assertion of its own economic interests

9  cannot rise to the level of extreme and outrageous conduct. (ECF 17-1 at 21.) Defendant is

10 correct that emotional distress caused by good faith foreclosure, without more, is not enough to

11 state a claim for intentional infliction of emotional distress. *Davenport v. Litton Loan Servicing,*

12 *LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010). Here, as noted, plaintiff contends that

13 defendant's actions inducing plaintiff to stop making mortgage payments and leading to

14 foreclosure, demonstrate intentional infliction of emotional distress. (ECF 24 at 19.) Even

15 assuming defendant's conduct was extreme and outrageous, plaintiff's complaint alleges no facts

16 showing that defendant intentionally caused plaintiff's emotional distress. This claim is

17 dismissed with leave to amend, if plaintiff is able to amend.

18           F.     Unfair Competition Law

19           California's Unfair Competition Law prohibits "any unlawful, unfair or

20 fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

21 CAL. BUS. & PROF. CODE § 17200. An act violates the Unfair Competition Law if it is either

22 "unlawful," "unfair" or "fraudulent." *Rubio v. Capitol One Bank*, 613 F.3d 1195, 1203 (9th Cir.

23 2010).

24           By stating a claim for violation of one law, a plaintiff may properly allege that the

25 defendant's actions were "unlawful" in violation of the Unfair Competition Law as well.

26 *Velazquez v. GMAC Mortgage Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008). Plaintiff

states in his complaint that defendant is liable under the Unfair Competition Law because plaintiff has stated claims for breach of the covenant of good faith and fair dealing, wrongful foreclosure, and intentional infliction of emotional distress.  (ECF 13 ¶¶ 47-50, 52-53.) However, as the court has dismissed all of plaintiff's claims except his claim for promissory estoppel, none of plaintiff's claims can be a foundation for violation of the Unfair Competition Law.

Plaintiff also alleges that "[d]efendant's inducement of [p]laintiff's detrimental reliance under the doctrine of promissory estoppel constitutes unfair competition . . . ."  (*Id.* ¶ 52.)  Defendant argues it is unclear whether plaintiff is alleging that defendant's conduct was unfair, unlawful or fraudulent.  (ECF 17-1 at 22.)  The court agrees.  Plaintiff must specify "which prong or prongs of the [Unfair Competition Law] that [d]efendant[] [is] alleged to have violated." *Periguerra v. Meridas Capital, Inc.*, No. C 09-4748 SBA, 2010 WL 395932, at *8 (N.D. Cal. Feb. 1, 2010).  Accordingly, this claim is dismissed with leave to amend.

III.    CONCLUSION

1.    Plaintiff's claims for wrongful foreclosure, intentional infliction of emotional distress, and violation of California's Unfair Competition Law are dismissed with leave to amend.  Any amended complaint must be filed within twenty-one days of this order.

2.    Plaintiff's claims for quiet title and breach of the covenant of good faith and fair dealing are dismissed without leave to amend.

3.    Defendant's motion to dismiss plaintiff's promissory estoppel claim is denied.

IT IS SO ORDERED.

DATED:  March 21, 2013.

_____
UNITED STATES DISTRICT JUDGE